UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAWON RILEY,

    Petitioner,

v.                                         CASE NO. 8:05-CV-1944-T-27EAJ

WALTER A. MCNEIL, SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is a petition for writ of habeas corpus (hereinafter "petition" or "federal habeas petition") filed by an inmate, Tawon Riley (hereinafter "Riley" or "Petitioner"), in a Florida penal institution *pro se* pursuant to 28 U.S.C. § 2254 challenging a sentence entered by the Twelfth Judicial Circuit Court, Sarasota County, Florida (Dkt. 1). Petitioner's challenge relates to his sentence following revocation of probation in 2003. Respondent filed a response/motion to dismiss the Petition (Dkt. 10). Petitioner filed a reply to the response (Dkt. 13). The matter is now before the Court for consideration on the merits of the petition.

### Background

On August 30, 2001, Riley pled no contest to possession of cannabis with intent to sell or deliver in case no. 00-17568 and to possession of cannabis over 20 grams in case no. 01-2927 (Dkt. 11, Ex. 1). He was placed on two-year probationary terms in each case, to run concurrently (Id.). Riley did not appeal his conviction and sentence.

On April 23, 2003, his probation was revoked, and he was sentenced to 60 months prison in case no. 00-17568, and a consecutive five-year probationary term was imposed in case no. 01-2927 (Id.). Riley did not appeal these revocation judgments.

On March 17, 2004, Riley filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) (Dkt. 11, Ex. 2). On March 25, 2004, Riley's motion was granted only as to the revocation sentence in case no. 01-2927 (Dkt. 11, Ex. 3). On September 14, 2004, he was resentenced to a consecutive 40-month probationary term in case no. 01-2927 (Dkt. 11, Ex. 6 at 145-160).

On July 10, 2004, Riley filed another Rule 3.800 motion challenging both his sentence in case no. 00-17568 and in case no. 01-2927 (Dkt. 11, Ex. 4). On July 20, 2004, the state court denied Riley's motion as it pertained to case no. 00-17568, and dismissed as moot his motion as it pertained to case no. 01-2927 (Dkt. 11, Ex. 5). Riley appealed, and on April 15, 2005, the appellate court dismissed his appeal as untimely filed (Dkt. 11, Ex. 12).

On April 21, 2005, Riley file a petition for a belated appeal (Dkt. 11, Ex. 15). On May 18, 2005, the district court of appeal denied Riley's petition for belated appeal (Dkt, 11, Ex. 16).

On June 24, 2005, Riley filed his third Rule 3.800(a) motion in which he alleged his sentence was illegal under *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (Dkt. 11, Ex. 18). On July 11, 2005, the state court denied Riley's third 3.800(a) motion (Dkt. 11, Ex. 19). Riley appealed, and the appellate court per curiam affirmed on October 7, 2005 (Dkt. 11, Ex. 23). The appellate court's mandate issued on October 31, 2005 (Dkt. 11, Ex. 24).

On October 4, 2005, Riley filed a second petition for belated appeal of the state court's

2

April 23, 2003 order revoking his probation (Dkt. 11, Ex. 26). On October 20, 2005, the appellate court dismissed Riley's second petition for belated appeal (Dkt. 11, Ex. 27).

Riley filed his federal habeas petition on October 17, 2005 (Dkt. 1 at 6). In his petition, Petitioner appears to claim that:

1) his sentence is illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004);

2) his sentence following revocation of his probation violated the double jeopardy clause of the Fifth Amendment; and

3) his sentence following revocation of probation exceeded the State's offer of 14.8 months.

**Timeliness of the petition**

Respondent asserts that Riley's federal habeas petition is untimely and should be dismissed. The Court agrees that Riley's petition is time barred, but only to the extent he challenges his sentence following revocation of probation in case number 00-17568. To the extent he challenges his sentence following revocation of probation in case number 01-2917, the Court finds the petition is not time barred.

AEDPA Standard for Timeliness

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Timeliness Calculations

Because Riley did not timely appeal[1] the April 23, 2003 order revoking his probation, the judgment revoking his probation became final on May 23, 2003, when the time for taking an appeal expired. *See McGee v. State*, 684 So. 2d 241 (Fla. 2nd DCA 1996)(treating judgment and sentence upon entry of plea as final when time for appeal expired). 298 days of the AEDPA limitation period expired before it was tolled when Riley filed his first Rule 3.800(a) motion on March 17, 2004. On March 25, 2004, the state court granted Riley's motion, but only to the extent that Riley challenged his sentence in case number 01-2927 (See Dkt. 11, Ex. 3). Riley did not appeal the March 25, 2004 order. Therefore, as to the sentence in case number 00-17568, the one year limitation period began running again on April 24, 2004. An additional 76 days expired[2] before Riley filed his second Rule 3.800(a) motion on July 10, 2004. In *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002), the Eleventh Circuit reiterated its holding in *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." Accordingly, to the extent Riley challenges the sentence following revocation of probation in case number 00-17568, his July 10, 2004 motion, and any subsequent motions and petitions, did

---

[1]Petitioner's petitions for belated appeal of the April 23, 2003 order were denied.

[2]Accordingly, 374 days expired before Riley filed his July 10, 2004 Rule 3.800(a) motion.

4

not toll the limitations period because they were filed after the one-year AEDPA limitation period had expired on June 30, 2004.

However, to the extent Riley challenges his sentence following revocation of probation in case number 01-2927, his federal habeas petition is not time barred. "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1288 (11th Cir. 2007)(emphasis in original). Riley's judgment in case number 01-2927 did not become final until after he was resentenced on September 14, 2004. It is unclear from the record whether Riley ever filed a timely appeal of his new sentence.[3] However, even if he did not file a timely appeal, he did file his third Rule 3.800(a) motion on June 24, 2005 (See Dkt. 11, Ex. 18), which tolled AEDPA's limitation period after 253 days of the limitation period had expired. The limitation period remained told until the appellate court issued its mandate on October 31, 2005, following its affirmance on October 7, 2005, of the state court's order denying Riley's June 24, 2005 Rule 3.800(a) motion (See Dkt. 11, Exs. 23-24). Riley filed his federal habeas petition on October 17, 2005 (Dkt. 1 at 6). Accordingly, to the extent Riley's federal habeas petition challenges his sentence in case number 01-2927, it is timely.

Equitable Tolling

The Eleventh Circuit has held that section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Riley has neither argued nor

---

[3]See Dkt. 11, Ex. 6 at 141.

shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence. Accordingly, to the extent Riley challenges his sentence following revocation of probation in case number 00-17568, he is not entitled to equitable tolling.

**Exhaustion and procedural default**

Riley raised in his state Rule 3.800(a) motions for post-conviction relief the same or similar claims he raises in his federal habeas petition. However, Riley failed to timely appeal the denial of his first two Rule 3.800(a) motions for post-conviction relief. Accordingly, the claims raised in his first two motions are unexhausted and procedurally barred.

Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners 'federal rights'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

To exhaust the claims raised in his first two Rule 3.800(a) motions for post-conviction relief, Riley was required to timely appeal the state trial court's orders denying relief. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal of its denial.") (citation

6

omitted).[4] *See also, Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991)(claims presented in post-conviction motion and not appealed were procedurally barred in subsequent habeas proceedings).

Claims or portions of claims which are not exhausted but which would clearly be barred if returned to state court must be dismissed. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Here it would be futile to dismiss this case to give Riley the opportunity to exhaust his grounds in state court because he could have and should have exhausted the claims by timely appealing the denial of his first two Rule 3.800(a) motions. Riley's thirty-day time period for appealing the denial of his first two Rule 3.800(a) motions expired well before he filed the instant federal petition.

Accordingly, the claims Riley raised in his first two Rule 3.800(a) motions which he now raises in the present federal habeas petition are procedurally barred. Riley has not shown cause and prejudice to overcome the procedural default, and he has not shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of his claims.

Riley's *Blakely* and *Apprendi* claim, however, is not procedurally barred as he raised this claim in his third Rule 3.800(a) motion, and timely appealed the order denying his third Rule 3.800(a) motion (See Dkt. 11, Ex. 18).[5]

***Blakely* and *Apprendi* claim**

---

[4]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[5]Respondent does not assert that Riley's *Blakely* and *Apprendi* claim is unexhausted and procedurally barred (See Dkt. 10 at 15-17).

In his federal habeas petition, Riley contends that the sentence (5 years imprisonment and 5 years probation) he received after his probation was revoked on April 23, 2003, is illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Riley's *Blakely* claim is without merit as it is not retroactive on collateral attack. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir.), *cert. denied*, 546 U.S. 924 (2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002).

In *Apprendi* the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, 530 U.S. at 490. To the extent that Riley claims that his 5 year probationary sentence in case number 01-2927 was illegal, he admits that the sentence was corrected and that he was "resentenced [] in accordance with law[.]" (Dkt. 1 at 4). To the extent Riley argues that his 5 year prison sentence in case number 00-17568 is illegal under *Apprendi*, his claim is, as noted *supra*, time barred. Moreover, his *Apprendi* claim is without merit as he fails to demonstrate that his sentence exceeded the statutory maximum. In case number 00-17568, Riley was convicted of possession of cannabis with intent to sell or deliver, a third degree felony. Section 893.13(1)(a)2., Florida Statutes (2000). The statutory maximum penalty for that offense is a term of imprisonment not exceeding five years. Section 775.082(3)(d), Florida Statutes (2000). Riley's 5 year prison sentence did not exceed the prescribed statutory maximum.

## Conclusion

For reasons set forth *supra*, the Court finds that Petitioner has not demonstrated that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on December 16th, 2008.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
Counsel of Record